IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LUTHER LEEVAN JACKSON, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:22cv184 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Luther Leevan Jackson, Jr., an inmate confined at the Hughes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On July 22, 2009, in the 145th Judicial District Court of Nacogdoches County, Texas, petitioner was convicted of aggravated sexual assault. *See* Texas Department of Criminal Justice, Correctional Institutions Division website, Inmate Information Details, https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=07430055. Petitioner was sentenced to a term of 15 years' imprisonment in the Texas Department of Criminal Justice. Petitioner appealed his conviction to the Twelfth Court of Appeals. The appellate court affirmed the judgment of the district court. The Texas Court of Criminal Appeals granted petitioner an extension of time to file a petition for discretionary review on May 23, 2011; however, the extension of time expired on December 22, 2011 without a petition for discretionary review being filed. *See* https://search.txcourts.gov/Case.aspx?cn=PD-0763-11&coa=coscca.

Petitioner filed his first state application for writ of habeas corpus on April 27, 2017. The petition was denied by the Texas Court of Criminal Appeals without written order on June 21, 2017. *See* https://search.txcourts.gov/Case.aspx?cn=WR-86,749-01&coa=coscca.

Petitioner did not sign the above-styled federal petition or assert when he placed the petition in the prison mail system. The envelope, however, is post-marked on November 7, 2022 and the petition was filed with the court on November 9, 2022.

## The Petition

Petitioner brings this petition for writ of habeas corpus asserting that he was denied due process, he received ineffective assistance of counsel, and the prosecutor was arrested for Driving While Intoxicated.

## Analysis

### *I.    Limitations*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 by imposing a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. 28 U.S.C. § 2244(d)(1), as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner was convicted on July 22, 2009, and his petition for discretionary review was dismissed by the Texas Court of Criminal Appeals on December 22, 2011 after time expired for petitioner to file a petition. Thus, his conviction became final on December 22, 2011. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998). Accordingly, the limitations period expired on December 22, 2012, absent any tolling.

Petitioner filed his first application for writ of habeas corpus in state court on April 27, 2017, and the application was denied on June 21, 2017. However, a state application for writ of habeas corpus which is filed after the federal limitations period has expired does not revive any portion of the fully-expired limitations period. *See Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999). As petitioner's state application for writ of habeas corpus was not filed until after the expiration of the one-year limitations period, the petition did not serve to toll the limitations period.

Petitioner filed the above-styled federal petition for writ of habeas corpus on November 9, 2022. However, the applicable statute of limitation expired almost ten years earlier. As a result, the petition for writ of habeas corpus is barred by the applicable period of limitations and should be dismissed.

The petition is absent any allegations that exceptional circumstances existed such as to potentially warrant the application of equitable tolling for such a lengthy delay as in this petition. As a result, the petition for writ of habeas corpus is barred by the applicable period of limitations and should be dismissed.

## Recommendation

The above-styled petition for writ of habeas corpus should be dismissed as barred by limitations.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 10th day of November, 2022.

_____
Zack Hawthorn
United States Magistrate Judge